BENNETT, ROBERT B., Jr., Associate Judge.
Arnold Mark Berkowitz has appealed from his convictions for possession of marijuana and narcotics paraphernalia. Mr. Berkowitz’s motion to suppress evidence seized from his car after he was stopped pursuant to a “be on the lookout” (BOLO) was denied; he pleaded nolo contendere, specifically reserving his right to appeal. We reverse because the officers continued to detain Mr. Berkowitz for an unreasonable length of time after the stop for the purpose of obtaining a canine unit to investigate his vehicle.
The arresting officer in this case had received a BOLO alerting her to be on the lookout for a green Ford Explorer with a Palm Beach County tag being driven by a white male south on Interstate 75. According to the dispatch, the driver had been involved in an aggravated assault with a firearm in the vicinity of Exit 21 in Lee County earlier that same evening, and the citizen involved had reported the incident. The officer eventually stopped the vehicle approximately forty to forty-five miles south of exit 21. The make, model, and color of the vehicle matched the description in the BOLO, as did the Palm Beach tag. A white male, Mr. Berkowitz, was driving the Explorer. Therefore, the officer had a founded suspicion to stop the vehicle. As in Hunter v. State, 660 So.2d 244, 249 (Fla.1995), the length of time and distance from the crime, the source of the BOLO, and the specificity of the description of the vehicle and its occupant support the stop.
Once Mr. Berkowitz had been detained, however, one of the officers looked in the back of his vehicle and noticed some light bulbs, some PVC pipe that could be used for irrigation, and some magazines depicting marijuana leaves. Upon seeing these items the officer suspected that the defendant might “possibly” be involved in marijuana cultivation, and he called for a canine unit to investigate further. Mr. Berkowitz was detained thirty minutes while the drug dog was brought to the scene. This detention was improper. The officer could not articulate a particularized suspicion of criminal activity based upon the common gardening and household items he had observed. Unlike the situation in the case of Cresswell v. State, 564 So.2d 480 (Fla.1990), upon which the State relies, the officer possessed no more than a bare suspicion of criminal activity, and thus the thirty-minute detention was an unreasonable intrusion upon Mr. Berkow-itz’s freedom.
Because the trial judge should have granted the dispositive motion to suppress, the judgment and sentences are reversed, and this cause is remanded with instructions for the trial court to discharge the defendant.
CAMPBELL, A.C.J., and SALCINES, J., Concur.